UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
and THE CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN NEW YORK,

                Petitioners,

-against-

DONCO, INC. a/k/a DONCO CORP.,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/2025

24 Civ. 5556 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (together, the "Funds"), bring this petition under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award against Respondent, Donco, Inc., a/k/a/ Donco Corp. ("Donco"). *See generally* Pet., ECF No. 1; *see also* Award, ECF No. 1-10. Donco has not appeared in this action. For the reasons stated below, the petition is GRANTED.

**BACKGROUND**

    Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational, and Industry Funds are employer and employee trustees of multi-employer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Pet'r 56.1 ¶ 1, ECF No. 17. Trustees of the New York City Carpenters Relief and Charity Fund is a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 2. And the Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit labor management corporation operating pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). *Id.* ¶ 3.

    Donco, a business corporation, is a member of the Building Contractors Association (the "Association"). *See* ECF No. 1-1. As such, it is bound by the collective bargaining agreement ("CBA") between the Association and the New York City District Council of Carpenters, a New York City labor

union (the "Union").  Pet'r 56.1 ¶¶ 4–7; *see* CBA, ECF No. 1-2.  Under the CBA, Donco must make contributions to the Funds for all work within the Union's trade and geographical jurisdiction, and it must also abide by the policies established by the Funds' trustees.  Pet'r 56.1 ¶¶ 8, 10; CBA art. XVII, §§ 1, 3.  Pursuant to a policy put forth by the Funds' trustees (the "Collection Policy"), the Funds periodically audit employers to ensure that they are complying with the CBA's contribution requirement, and any disputes arising from the collection of fund contributions should generally be resolved via arbitration.  Pet'r 56.1 ¶¶ 12, 14; Collection Policy, sec. VI, § 1, ECF No. 1-7.  Should the Funds be required to arbitrate a dispute or file a lawsuit against an employer over unpaid contributions and the arbitrator finds in their favor, the employer is responsible for paying (1) the unpaid contributions, (2) interest on the contributions, (3) an amount equal to the greater of (a) interest on the contributions and (b) liquidated damages of 20% on the contributions, and (4) attorneys' fees and costs.  Pet'r 56.1 ¶ 15; CBA art. XVII, § 6.  The employer is also responsible for the cost of the audit and any other expenses incurred "in collecting the delinquency."  Pet'r 56.1 ¶ 16; Collection Policy, sec. IV, § 11.

The Funds audited Donco over a period running from June 2021 through May 2023 and found that it had not made its required contributions.  Pet'r 56.1 ¶ 17.  After Donco failed to pay the shortfall, the Funds initiated arbitration.  *Id.* ¶ 19.  On March 25, 2024, the arbitrator held a hearing and, four days later, issued an award in favor of the Funds.  *Id.* ¶ 20; Award.  The arbitrator determined that Donco owes the Funds $37,106.56 in unpaid contributions, $4,471.86 in accrued interest on the contributions, $7,421.31 in liquidated damages, $194 in promotional fund contributions, $1,500 in attorneys' fees, $4,326 in audit costs, $405 in court costs, and $1,000 in arbitration costs, for a total of $56,384.74 (the "Award"), with post-Award interest of 10.5% per year.  Award at 3; Pet'r 56.1 ¶ 21.

## DISCUSSION

I.   Legal Standard

"It is well established that courts must grant an [arbitrator's] decision great deference."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  An action to confirm an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).  "[T]he showing required to avoid confirmation is very high."  *Id.*  Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award."  *Id.* (citations omitted).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes."  *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (citation omitted).  "Under the LMRA, an arbitration award should be upheld as long as it 'draws its essence from the collective bargaining agreement.'"  *Id.* at 405–06 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).  Even if the court believes that the arbitrator "committed serious error," the award should not be vacated so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority."  *Id.* at 406 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  However,

2

"[w]here the arbitrator goes beyond that self-limiting agreement . . . [he] acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007) (citing 9 U.S.C. § 10(a)(4)).

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Donco has not appeared in this action, the Court must still "examin[e] the moving part[ies'] submission to determine if [they] ha[ve] met [their] burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

II.   Analysis

The Funds argue that they are entitled to confirmation of the Award, attorneys' fees and costs, and post-judgment interest. *See generally* Mem. at 3, ECF No. 5. The Court agrees.

A.   Confirmation of the Award

The Funds are entitled to confirmation of the Award because they have demonstrated that there is no genuine dispute of material fact regarding the validity of the arbitration. The arbitrator provided more than a "barely colorable justification for the outcome reached," *D.H. Blair*, 462 F.3d at 110 (citation omitted), and none of the justifications for vacating or modifying the award under 9 U.S.C. § 10 or § 11 apply. It is also clear that the parties' agreement authorized them to arbitrate disputes arising out of unpaid contributions. Pet'r 56.1 ¶¶ 12, 14; Collection Policy, sec. VI, § 13. Accordingly, the Court confirms the Award, with post-Award interest of 10.5% per year between March 29, 2024, and the date judgment is entered, inclusive. Award at 3; Pet'r 56.1 ¶ 21.

B.   Attorneys' Fees and Costs

In addition to the attorneys' fees and costs granted in the Award, the Funds seek $6,073.50 in attorneys' fees and $783.04 in costs associated with bringing this action. Pet'r 56.1 ¶¶ 25–29; *see also* Mem. at 8. Although attorneys' fees and costs are generally unavailable in an action brought under Section 301 of the LMRA, "[a] court may . . . exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). In the context of a petition to confirm an arbitration award, an award of attorneys' fees and costs is permissible where "the party challenging the award has refused to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Food Emps. Union, Loc. 338*, 118 F.3d 892, 898 (2d Cir. 1997) (cleaned up) (citations omitted). Because Donco has not satisfied the Award nor offered any justification for failing to do so, *see* Pet'r 56.1 ¶ 23; ECF No. 1-11, the Funds are entitled to reasonable

3

attorneys' fees and costs. Furthermore, the CBA itself provides for the recovery of reasonable attorneys' fees and costs incurred in this action. CBA art. XVII, § 6.

The Funds seek $6,073.50 in attorneys' fees. Pet'r 56.1 ¶ 28; ECF No. 16-1. To support a request for attorneys' fees, petitioners must submit contemporaneous time records that "specify the date, hours expended[,] and the nature of the work done by each attorney." *Big R Food Warehouses v. Loc. 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995). Virginia & Ambinder, LLP ("V&A"), the Funds' counsel, has submitted contemporaneous time records that reflect 22.9 hours of work spent on drafting the petition to confirm arbitration and supporting documents. ECF No. 16-1. V&A bills its partners at $410 per hour, its associate attorneys at $310 per hour, and its legal assistants at $155 per hour. *Id.*; Pet'r 56.1 ¶ 26. Other courts in this district have found similar rates to be reasonable for V&A attorneys and legal assistants. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. All Aces Corp.*, No. 23 Civ. 9929, 2024 WL 1884701, at *5 (S.D.N.Y. Apr. 30, 2024). Accordingly, the Court approves the Funds' request for $6,073.50 in attorneys' fees.

The Funds also seek to recover $783.04 in costs, which include costs for service and legal research. Pet'r 56.1 ¶ 29; ECF No. 16-2. The Court approves recovery of these routine costs. *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Associated Env't Servs. Ltd.*, No. 22 Civ. 8909, 2023 WL 3477593, at *4 (S.D.N.Y. May 16, 2023).

### C. Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Loc. 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Because the Court's confirmation of the Award is a money judgment in a civil case, the Funds are entitled to post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the Award is GRANTED. The Clerk of Court is respectfully directed to enter judgment against Donco in the amount of $56,384.74, plus post-Award interest at a rate of 10.5% per year accruing from March 29, 2024, through the date of judgment, attorneys' fees and costs of $6,856.54, and post-judgment interest at the statutory rate. The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: January 20, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge